| ELIZABETH A. PICKETT, Judge.

FACTS

Christopher Duck was arrested by the Abbeville Police Department on October 16, 2000, for possession of cocaine. He was released on bond (Power of Attorney No. BDI-1135101) of $10,000.00 posted by Legion Insurance Company, a commercial surety. Richard’s Bonding Company sold the bond. On the bond itself, wherein the principal and surety bound themselves if the defendant-principal fails to appear, there is a line which reads:
If I fail to perform any of these conditions, I promise to pay to:
_State of Louisiana, Parish of Vermilion, OR
_City of Abbeville
Specifically, the line is checked which orders payment to the State of Louisiana, Parish of Vermilion. A similar format is used in the surety portion of the form and in that portion also a check is placed next to State of Louisiana, Parish of Vermilion.
The defendant was charged by bill of information with possession of a controlled dangerous substance on January 11, 2001. *522 Detective Marion Borel of the Abbeville Police Department signed the affidavit which accompanied the bill of information. Arraignment was set for February 21, 2001. Domiciliary service was made on Mr. Duck as well as on Richard’s Bonding and Legion Insurance Company (Legion).
Mr. Duck failed to appear in court on February 21, 2001. District Judge Patrick Michot issued a Fugitive Warrant, ordering the Vermilion Parish Sheriffs Office to arrest the defendant. Judge Michot also signed a Judgment Forfeiting Bail Bond on February 22, 2001. This judgment was recorded in the mortgage records on April 4, 2001, and served on Mr. Duck, Richard’s Bonding, and Legion via certified mail return receipt requested. The return receipts from each of these parties is | ^included in the record.
On April 30, 2001, Mr. Duck was surrendered to the Vermilion Parish Sheriffs Office by Veronica Singleton, a bondsman. The Sheriffs Office executed an Act of Surrender on April 30, 2001. Subsequently, on May 1, 2001, District Judge Phyllis M. Keaty signed an order releasing the surety from liability on the bail bond undertaking and setting aside the judgment of forfeiture.
On March 28, 2002, Legion filed a Motion to Set Aside Judgment of Bond Forfeiture and to Discharge, Release, and Exonerate Surety.
An Assistant District Attorney for the 15th JDC, on April 16, 2002, filed in the mortgage records an Act of Cancellation of Judgment and Judicial Mortgage dated April 4, 2002. This act indicates that the judgment had been satisfied and refers to the Judgment Forfeiting Bail Bond dated February 22, 2001, and recorded in the mortgage records as act number 20103500. The record does not reflect how the judgment was satisfied.
A hearing on the motion filed by Legion was held on September 11, 2002, before the Honorable John D. Trahan. The trial court denied the motion. The trial judge found that La. Code Crim.P. art. 345 required the surety to remand the defendant to the officer originally charged with his detention, which was the Abbeville Police Department, not the Vermilion Parish Sheriffs Office. A judgment to that effect was signed on September 16, 2002. This appeal followed.

DISCUSSION

The appellant argues three separate assignments of error, all of which relate to the trial court’s denial of his motion based on its conclusion that the bonding company did not surrender the defendant to the “officer originally charged with his detention” in accordance with the provisions of La.Code Crim.P. art. 345. After a | ¡¡review of the record, however, we find this issue to be moot.
In the appellant’s Motion To Set Aside Judgment of Bond Forfeiture and to Discharge, Release and Exonerate Surety, the specific relief prayed for was that the “[cjourt issue an order herein setting aside the judgment of bond forfeiture rendered and signed herein on February 22, 2001 discharging, releasing and exonerating Legion Insurance Company from any and all liability related to the bond it placed into these proceedings by use of its Power of Attorney number BD1-1135101.” This motion was filed of record March 28, 2002. It is based on La.R.S. 15:85(10), which provides in part:
Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the de *523 fendant. The appearance of the defendant shall operate as a.satisfaction of the judgment and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond.
(Emphasis added.)
On the face of the Act of Surrender, Legion is identified as the surety for the bond. At the bottom of this Act of Surrender, is an “Order,” signed by Judge Keaty, which provides as follows:
Considering the above certificate and verification,
IT IS ORDERED that the above named surety is hereby exonerated from liability on his bail bond undertaking represented by the above identified Power of Attorney, that any judgment of forfeiture is set aside, and that the Power of Attorney above described may be returned to the surety.
This court order is dated May 1, 2001, and references Power of Attorney BD1-1135101. There is nothing in the record to indicate that this court order was at any time rescinded or set aside.
1¿Further, on April 4, 2002, just seven days after the appellant filed its motion at issue before this court, an Act of Cancellation of Judgment and Judicial Mortgage was executed by an assistant district attorney which declared the judgment at issue “has been satisfied by Legions Insurance” and authorizes the Clerk of Court to record and index the act of cancellation. The same assistant district attorney appeared before Judge Trahan and argued that the bond forfeiture should not be set aside and that the judgment should be enforced. The Act of Cancellation specifically references the judgment filed under Act Number 20103500, which is the number under which the Judgment Forfeiting Bail Bond at issue is in fact filed.
It appears to this court that at the time Legion filed his original motion, on March 28, 2002, he had already been granted all relief prayed for by a court order signed by Judge Keaty on May 1, 2001. Further, at the time the hearing was held on September 11, 2002, the district attorney’s office had already filed an act of cancellation as to the judgment at issue before this court.
We find nothing in the record that indicates that the May 1, 2001, order was rescinded, modified, or appealed. Therefore, it is a final judgment of the court.
Because we find that Legion had already been afforded all relief prayed for prior to the hearing on this matter, the issue of whether the defendant was surrendered to the proper agency, as well as all other issues pertaining to this matter, are moot.
Legion has clearly been released of all obligations under the bond. The judgment of the trial court is, therefore, set aside.
REVERSED.